## Lloyd-Smith Co., Inc., v. Wolfe

*Compton, Handler & Berman,* for plaintiff.
*Bailey & Rupp,* for defendant.

KREIDER, J., November 14, 1956.—We have before us plaintiff's preliminary objections to defendant's answer and counterclaim. Plaintiff claims the sum of $2,351.33 for oil well equipment, supplies and services furnished to defendant. Included in the equipment was a wire line or drill cable 2,500 feet in length, which defendant claims was so defective that it broke on three occasions, necessitating expenditure by defendant of certain sums for repairs to the line and loss of time and travel in connection therewith. Defendant filed a counterclaim against plaintiff for $429.59, in which defendant claimed as a deduction the sum of $1,017.88, representing the cost of said wire line, reel, delivery to the well and sales tax, together with the following items:

Locating, transporting to the well and rental
    of special tools to fish up the broken wire
    line and the drilling tools attached thereto     $216.85
Labor employed in fishing up and recovering
    the wire line which remained in the well
    and the drilling tools attached thereto. .       284.24
Defendant's expense in travel in order to ar-
    range for the recovery of the said wire line
    and the drilling tools attached thereto. .       161.95
Defendant's loss of time to attend to the re-
    pairs and clearing of the well. . . . . . . . . . 1,100.00
                                                    ──────────
                                        Total     $1,763.04

Plaintiff has filed seven preliminary objections to defendant's answer and counterclaim, in which plaintiff in effect seeks a more specific pleading. The basic question is whether the answer and counterclaim contain such a concise statement of the material facts involved as will put plaintiff on notice of the issues it will have to meet at the trial. The parties agree that plaintiff's preliminary objections can be condensed into four categories, each involving the question whether the averments of defendant's pleadings are sufficient. Plaintiff, in essence, complains of insufficient averments as to (1) the alleged defective condition of the drill cable; (2) the breaking of the drill cable; (3) the failure to specify when, by and to whom notice was given to plaintiff of the breaking of the cable; (4) the alleged lumping of defendant's items of damage.

### Discussion

If defendant merely averred that the drill cable was defective, we think plaintiff's objection to that averment would be sound. However, defendant avers that the cable broke because of its defective condition. We think this is sufficient. Plaintiff contends defendant must show "in what specific particulars the said wire line was of inferior material and quality and without value for the purpose for which it was sold". This would require defendant to plead evidence, which is not necessary.

In the second category of the preliminary objections, plaintiff contends defendant's claim is defective because he failed to allege specifically the time, place and manner in which the drill cable is alleged to have broken and the specific particulars wherein the cable is alleged to be defective. The counterclaim avers that "on or about May 24, 1954 the defendant ordered from the plaintiff 2500 feet of wire line . . . to be

used as a drilling cable in an oil or gas well, which plaintiff delivered to said well", and that "defendant used the aforesaid wire line as a drill cable in said well and within two weeks the said line broke". We think the time of the breaking of the cable is sufficiently averred but that the place and circumstances under which the cable is alleged to have broken should be set forth with more particularity. We do not imply that defendant must set forth the technical structure and defects of the cable but we think he should aver sufficient facts to determine whether or not the cable broke through the fault of a third party, failure of the power unit, improper handling by defendant or similar reasons for which plaintiff might not. be responsible. See Yoffee v. Penna. Power & Light Co., 64 Dauph. 42 (1952), Neely, J.

Plaintiff's third objection relates to defendant's averment that he "promptly notified plaintiff of the breaking of said wire line and of its defective condition . . .". Defendant does not state when he gave notice or in what manner. We believe defendant should set forth the time and manner in which he gave notice to plaintiff.

We think the claim for "defendant's loss of time to attend to the repairs and clearing of the well, $1100.00" and also the item averring "defendant's expense in travel in order to arrange for the recovery of the said wire line and the drilling tools attached thereto, $161.95" are in the nature of claims for special damages and are insufficiently averred under Pa. R. C. P. 1019(f).

And now, November 14, 1956, for the foregoing reasons plaintiff's preliminary objections are sustained to the extent indicated herein and defendant is given leave to file an amended answer and counterclaim within 20 days from this date.